# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PATINO-PADILLA,<br><br>    Plaintiff,<br><br> v.<br><br>McNARY, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00552-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 19) |

Plaintiff Ramon Patino-Padilla ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 24, 2018. (ECF No. 1.) Plaintiff's complaint has been screened, and Plaintiff was granted leave to file a first amended complaint or a notice of voluntary dismissal. (ECF No. 14.)

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed February 4, 2019. (ECF No. 19.) Plaintiff again claims that he has a disability covered under the Americans with Disabilities Act (ADA), specifically that he suffers from a developmental disability, which makes it hard for him to read, write and/or understand material regarding his case. He requests that the Court provide him with legal counsel. (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

1

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research, prosecute claims, and conduct discovery without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint was screened and the Court found that it did not state any cognizable claims. Plaintiff has not yet filed an amended complaint. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 19) is DENIED, without prejudice.
IT IS SO ORDERED.

Dated: **February 6, 2019**       /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2