# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PATINO-PADILLA, | Case No. 1:18-cv-00552-LJO-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| J. MCNARY, et al., | (ECF No. 22) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Ramon Patino-Padilla ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On November 30, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 14.) Plaintiff's amended complaint, filed on February 8, 2019, is currently before the Court for screening. (ECF No. 22.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names the following defendants: (1) Officer J. McNary; (2) Officer P. Paz; (3) Officer S. McAfee; (4) Officer C. Pugliese; and (5) Officer S. Cable.

In Claim I, Plaintiff asserts a violation of his right to access the law library and alleges as follows:

> On October 14, 2017 Custody Officer J. McNary denied my access to the law library after I had been called there by the librarian. McNary gave me a direct order to "go to the wall in the dayroom and cuff up" when I insisted that he had no right to deny me access. McNary told me to drop my folder, he then grabbed me forcefully by the arm and slammed me into the wall injuring me.

(ECF No. 22 at 3-4.)

///

///

///

In Claim II, Plaintiff also asserts a violation of his right to access the law library and alleges as follows:

> I am a DDP-developmentally disabled-inmate in the California Department of Corrections. I require more time to learn things and to follow complex instructions. I had arranged [illegible] to the law library to work on suit Patino vs Padilla. The librarian had called the unit to summon me to the law library when J. McNary and the other defendants listed in my claim deprived me of [illegible] and assaulted and prosecuted me for my efforts.

(ECF No. 22 at 4.)

As relief, Plaintiff seeks sanctions against the officers and compensation.

### III. Discussion

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his complaint. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately link Officers P. Paz, McAfee, Pugliese and S. Cable to his claims. Plaintiff's reference to "other defendants listed" is not sufficient to link the individual defendants to a cognizable claim. Instead, Plaintiff must allege what each individual did or did not do that resulted in a violation of his rights. Plaintiff will be given a final opportunity to amend his complaint to cure this deficiency.

Insofar as Plaintiff is attempting to assert a conspiracy against the defendants, he also fails to state a cognizable claim. A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999). "Conspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc). For a section 1983 conspiracy claim, "an agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).

Plaintiff's conspiracy claim, if any, lacks specificity. Plaintiff's suggestion of conspiracy is speculative as he presents no facts to show a meeting of the minds to violate his constitutional rights.

**B.     Law Library Access**

Plaintiff repeatedly claims denial of law library access while litigating a case. The Court construes this claim as one for denial of his constitutional right of access to the courts. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977)); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (same). The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. Lewis v. Casey, 518 U.S. 343, 354–55 (1996).

Although inmates have a fundamental constitutional right of access to the courts, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice with respect to contemplated or existing litigation," Nev. Dep't of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 566 U.S. 911 (2012); Christopher v. Harbury, 536 U.S. 403, 415 (2002).

The provision of an adequate law library (or legal assistance) is not an end in itself, "but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of

4

fundamental constitutional rights to the courts.'" Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 825). Indeed, there is no "abstract, freestanding right to a law library or legal assistance." Id., at 351. Therefore, a prisoner's complaint will not survive screening if it simply alleges facts showing "that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

In this case, Plaintiff fails to state a cognizable access to courts claim. Plaintiff has not alleged that he was denied access to the courts relative to a direct criminal appeal, a habeas petition or section 1983 litigation. Further, he has not alleged any actual injury or prejudice resulting from the denial of access to contemplated or existing litigation. At best, he alleges only that he was denied law library access on one occasion. Plaintiff will be granted leave to cure these deficiencies to the extent he is able to do so in good faith.

**C.     Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (citation omitted). "An inmate who complains of a push or shove that

causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. (citation and internal quotations omitted).

Plaintiff's complaint does not adequately allege a claim for excessive force in violation of the Eighth Amendment. At best, Plaintiff has complained of a de minimis use of force, which does not constitute a violation of the Eighth Amendment. Plaintiff's complaint does not identify any resulting injury nor does it allege that Plaintiff suffered any significant or serious injury from any use of force by the named defendants.

### III. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for excessive force in violation of the Eighth Amendment. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a **final** opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall either file an amended complaint curing the deficiencies identified by the Court in this order or file a

notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 14, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE